THOMSON–HOUSTON ELECTRIC CO. v. WAGNER ELECTRIC MFG. CO. et al.

(Circuit Court of Appeals, Second Circuit. October 21, 1903.)

No. 163.

1. PATENTS—INFRINGEMENT—ELECTRIC MOTORS.

The Thomson patent No. 430,328 for an alternating current motor, claims 1 and 2 construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 119 Fed. 178.

This cause comes here on appeal from a decree of the Circuit Court, Southern District of New York, dismissing the bill on the ground that defendants' device does not infringe the claims of the patent sued on. 119 Fed. 178. The suit is brought on United States letters patent No. 430,328, of June 17, 1890, granted to Elihu Thomson for alternating current motor, and the two claims relied on are as follows:

"(1) The herein described method of operating an alternating-current motor in which the rotation is produced by the reaction between the field and a locally-closed armature circuit carrying currents induced from the field, consisting in organizing or connecting the motor armature circuit so that it may receive an initial impulse of rotation, and upon the attainment of a predetermined speed changing or modifying such connection, so as to put the armature coils on locally-closed circuit.

"(2) The herein described method of operating alternating-current motors incapable of self-starting, consisting in connecting the armature circuits in a manner different from that which they have during normal work, and in proper way to give the initial torque, and then automatically reorganizing the connections of such armature as to put the same on locally-closed circuit on the attainment of a predetermined speed."

Charles Neave, for appellant.

A. C. Fowler, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. In expressing our concurrence with the Circuit Court, we do not deem it necessary to add anything to the brief but clear opinion in which its conclusions are expressed. The definition of the term "locally-closed circuit," as given in that opinion, is "a circuit disconnected from the main line; * * * a circuit which does not extend from the source of energy, but pertains to the local place and no other." Appellant criticises this definition as not taking into account the circumstance that "the secondary circuit of a transformer is entirely disconnected from the main line," and that "the motor is on the secondary circuit, which is a closed circuit," and hence both in starting condition and in running condition "the armature circuit is disconnected from the main line." This is hypercritical; manifestly, by the words "main line" the court intended to express the circuit (whether primary or secondary) from which, either by con-

duction or induction, electrical energy was transmitted to the armature circuit. We are entirely satisfied that the term "locally-closed circuit" as used in the claims means, as one of the experts expresses it, that "all the coils of the armature are closed upon a circuit * * * which is local in that it is independent of (disconnected from) every other circuit but the circuit established through the armature coils." The claims emphatically state that in the motor of the patent this condition of a locally-closed circuit in the armature coils must be found when the motor is running at the predetermined speed. With equal emphasis they state that this "locally-closed circuit" is a change from the condition existing while the motor is being started; that is to say, the locally-closed circuit of the running motor is not to be found in the starting motor. To quote again from the same witness: "Unless the armature coils had been on other than a locally-closed circuit, the change to a locally-closed circuit would not be specified and insisted upon. Indeed, this is the one and only substantial change described in the specification."

Under the definition above approved, it is manifest that the defendant's motor does not exhibit the change which the claims call for. In the starting condition and in the running condition alike, the armature coils are on locally-closed circuit, and, however slight the difference may be between this motor and the motor of the patent, infringement cannot be predicated of claims phrased as these are.

The decree is affirmed, with costs.